UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH NAGLICH,<br><br>        Plaintiff,<br><br>v.<br><br>PFENEX INC., JASON GRENFELL-GARDNER, EVAN B. SCHIMMELPENNINK, PHILLIP M. SCHNEIDER, ROBIN D. CAMPBELL, MAGDA MARQUET, LORIANNE MASUOKA, and JOHN M. TAYLOR,<br><br>        Defendants. | Case No.: 20-CV-1803 TWR (AGS)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE AND FOR WANT OF PROSECUTION** |

Rule 4 of the Federal Rules of Civil Procedure provides:

[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* S.D. Cal. CivLR 4.1(b) (authorizing the Court to order Plaintiff to show cause 100 days following the filing of a complaint when proof of service has not been filed). "In the absence of service of process (or waiver of service by the

defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).  Further, "[a]ctions or proceedings [that] have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution." S.D. Cal. CivLR 41.1(a); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

Here, Plaintiff Elizabeth Naglich filed a Complaint on September 14, 2020. (*See generally* ECF No. 1.)  A review of the docket indicates that Plaintiff has neither filed proof of service of her Complaint on the Defendants nor taken any other action against them since September 14, 2020. (*See generally* Docket.)

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for failure to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.1(a).  Plaintiff **SHALL FILE** a response to this Order, <u>not to exceed ten (10) pages</u>, <u>within seven (7) days of the electronic docketing of this Order</u>. *Should Plaintiff file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) on or before that date, no further response to this Order shall be required. If Plaintiff fails to adequately respond to this Order within the time provided, the Court will enter a final order of dismissal without prejudice for failure to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1(b); failure to prosecute pursuant Rule 41(b) and*

1  *Civil Local Rule 41.1(a); and failure to comply with the Federal Rules of Civil Procedure,*
2  *Civil Local Rules, and this Order pursuant to Civil Local Rule 83.1(a).*
3        **IT IS SO ORDERED.**
4  Dated:  September 16, 2021

                                        Honorable Todd W. Robinson
                                        United States District Court